UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LOUIS GUILLORY**                                              **CIVIL ACTION**

**VERSUS**                                                      **NUMBER 06-983-RET-DLD**

**CORNELIUS BLEDSOE, ET AL**

### MAGISTRATE JUDGE'S REPORT

This automobile accident is before the Court on plaintiff's motion for summary judgment on the issue of liability (rec. doc. 15). Plaintiff's motion is opposed (rec. doc. 22). This Court has jurisdiction over this matter on the basis of diversity jurisdiction, 28 U.S.C. §1332.

### Background

On May 15, 2006, Louis Guillory (driving a 1988 Dodge truck) and Cornelius Bledsoe (driving a 1998 Freight Liner) were heading south on I-110 in East Baton Rouge Parish, State of Louisiana.  It is unclear what lane they were in, or even if they were in the same lane, but plaintiff was driving somewhere behind defendant at about 50 mph when he noticed defendant's left turn signal begin to blink, at which time plaintiff  moved over a lane to the left.  It also is unclear how many lane changes took place, but apparently plaintiff continued to move over to the left, and defendant likewise moved left across the lanes in an attempt to exit  at Government Street. Either at the center lane or far left lane (a matter apparently in dispute), the trucks collided.  According to the plaintiff's statement of undisputed facts, "[t]he defendant, Cornelius Bledsoe, proceeded into the center lane striking the vehicle driven by Louis Guillory causing him to collide with the guard rail and

sustain injuries as a result of said collision." Rec. doc. no. 16, number 4. The defendant, on the other hand, counters in his statement "disputing plaintiff's statement" that he checked in his rearview mirror and "believed he could safely merge over the travel lanes," signaled that he was merging left to exit at Government Street, and had safely made it "almost all the way into the exit lane when Mr. Gillory essentially had sped up and driven into his blind spot." Rec. doc. no. 20.

Defendant was issued a citation for violating Baton Rouge City Ordinance Section 11:53(b), which provides that "[w]here such traffic lanes have been marked, it shall be unlawful for the operator of any vehicle to fail or refuse to keep such vehicle within the boundaries of any such lane except when lawfully passing another vehicle or preparatory to making a lawful turning movement" (rec. doc. 16) *see also* BR City Ordinance, Title 11, §53.

As a result of the collision, plaintiff brought suit against defendant, Bledsoe, Columbus Lumber Company, L.L.C., and General Insurance Co. of America, erroneously named by plaintiff as Safeco Insurance Company of America, for damages for physical injuries to his head and neck, pain and suffering, mental anguish, past, present, and future medical expenses, and loss of earning and earning capacity (rec. docs. 1 and 2). Thereafter, plaintiff filed a motion for summary judgment on the issue of liability, which is before this Court (rec. doc. 15).

## Standard for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(C); *Bagley v. Albertsons, Inc.*, 492 F.3d 328 (5th Cir. 2007). The moving party has the initial burden of establishing that there are no issues of material fact and that it is entitled to judgement in its favor as a matter of law. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). If the moving party meets this burden, the burden shifts to the non-moving party to point to evidence showing that an issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the non-movant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Freeman v. Tex. Dept't of Criminal Justice,* 369 F.3d 854, 859 (5th Cir. 2004). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not appropriate if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

## Argument of Parties

Plaintiff moves this Court for an order granting his motion for summary judgment on the basis that "liability in this case is clear" (rec. doc. 17). Plaintiff attaches his own deposition testimony in support of his motion for summary judgment and argues that it supports the conclusion that defendant caused the automobile accident in this case. Plaintiff testified that he was traveling at 50 mph when he saw defendant's blinkers indicating that he was going to merge left, so plaintiff merged lanes several times to the left to allow defendant to come over until the defendant completely ran into him (rec. doc. 17, Exhibit 1, pp. 41-42). Plaintiff argues that Louisiana law requires a motorist attempting to

make a lane change on a multi-lane highway to determine whether the maneuver can be "made safely without endangering normal overtaking or oncoming traffic." Id. Plaintiff claims that defendant failed to determine whether the lane change could be made without endangering overtaking or oncoming traffic; therefore, the accident in this case was the sole fault of defendant Bledsoe. Thus, plaintiff argues that this case is ripe for summary judgment on the issue of liability.

Defendants argue that there are material issues of fact preventing summary judgment and indicating plaintiff's comparative fault in the automobile accident (rec. doc. 22). Defendants claim that plaintiff, as the following driver, had a high duty of care to observe the traffic ahead. Defendants argue that plaintiff's own testimony proves that although he witnessed Mr. Bledsoe trying to change lanes, he failed to reduce his speed below 50 mph in order to allow Mr. Bledsoe to complete the merger safely (rec. doc. 22). Rather, plaintiff drove directly into Mr. Bledsoe's blind spot while he was attempting the lane change. Thus, defendants believe that liability is not clear and summary judgment is inappropriate.

## Discussion

The Louisiana legislature enacted the Louisiana Highway Regulatory Act, La. R.S. 32:1 *et seq.*, which regulates the use of motor vehicles on public highways. The duty of care for a lead vehicle driving on a roadway laned for traffic is as follows: "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." La. R.S. 32:79(1). Additionally, La. R.S. 32:104A provides that "[n]o person shall turn a vehicle at any intersection unless the vehicle is in proper position upon the roadway

as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.  The duty of a driver following another driver is set forth in La. R.S. 32:81, which provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

As explained by the Court in *Harris v. Browning-Ferris Industries Chemical Services, Inc.*, 635 F.Supp. 1202, 1205 (M.D. 1986), it is well-settled in Louisiana that a driver of a vehicle cannot suddenly change lanes without first determining whether it is safe to do so. *Citations omitted.*  When there is a change of lanes by a motorist immediately preceding an accident, the burden of proof is placed upon the motorist changing lanes to show that it first ascertained that his movement could be made safely and the resulting collision did not result from the sudden change in lanes.  Id., see also *Averna v. Industrial Fabrication and Marine Service, Inc.*, 562 So.2d 1157 (La. App. 4th Cir. 1990).

Louisiana jurisprudence also establishes the principle that the driver of a following vehicle must proceed at a distance that is prudent, safe, and reasonable. Id; *see also Currie v. Myers*, 750 So.2d 388, 392 (La. App. 2nd Cir. 1/26/00).  A presumption of negligence arises on the part of the driver of the following vehicle which collides with the rear of a vehicle it is following.  Id.  The presumption may be rebutted by a showing that the driver of the following vehicle kept his vehicle under control, observed the lead vehicle, and was following at a safe distance under the circumstances.  *Harris v. Browning-Ferris*

*Industries Chemical Services, Inc.*, 635 F.Supp. at 1206, *citing Eubanks v. Brasseal,* 310 So.2d 550 (La. 1975).

This case involves the competing requirements imposed on a motorist changing lanes (defendant) and a motorist following behind traffic (plaintiff). Although plaintiff introduced his own deposition testimony that indicates that he moved over several lanes of traffic to allow Mr. Bledsoe to safely change lanes before Mr. Bledsoe ran into him, plaintiff ignores the fact that as a following motorist, he also had an obligation to observe the traffic in front of him and proceed in a safe and reasonable manner. Additionally, the fact that Mr. Bledsoe was issued a ticket by the Baton Rouge City Police is not dispositive of liability in this case considering the facts presented. Mr. Bledsoe offered his own affidavit testimony that contradicts plaintiff's deposition testimony of the events of the accident and indicates that plaintiff failed to yield and "sped up" into Mr. Bledsoe's blind spot. Defendant's affidavit testimony that defendant ". . . looked in his rear view mirror and his side mirror and saw traffic was sufficiently behind him to attempt to merge safely across lanes" creates a genuine issue of material fact over whether the accident in this case was caused by defendant's sudden lane change or by plaintiff's failure to yield to and observe the defendant. Additionally, the material facts raise an issue as to whether a reasonable jury could assign some comparative fault to the plaintiff even if the defendant were found to be at fault.

Because genuine issues of material fact remain regarding the issue of liability in this case, the Court recommends that plaintiff's motion for summary judgment should be denied.

**Conclusion**

For the foregoing reasons, it is recommended that plaintiff's motion for summary judgment (rec. doc. 15) should be DENIED.

Signed in Baton Rouge, Louisiana, on March 13, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOUIS GUILLORY** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 06-983-RET-DLD** |
| **CORNELIUS BLEDSOE, ET AL** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 13, 2008.

*[signature]*

**MAGISTRATE JUDGE DOCIA L. DALBY**